#400

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAMUEL WILLIAMS, pleading on his own behalf and on behalf of all other similarly situated consumers, )<br><br>Plaintiff, )<br><br>vs. )<br><br>FRONTLINE ASSET STRATEGIES; VELOCITY INVESTMENTS, LLC. )<br><br>Defendant. ) | Case No.:<br><br><br>CLASS ACTION COMPLAINT<br><br>**17   3119** |

Plaintiff, SAMUEL WILLIAMS (hereinafter "Plaintiff"), on behalf of himself and all other similarly situated consumers, by and through undersigned counsel, hereby alleges against FRONTLINE ASSET STRATEGIES (hereinafter "FAS") and VELOCITY INVESTIMENTS, LLC. (hereinafter "Velocity") (collectively referred to as "Defendants"), as follows:

## PRELIMINARY STATEMENT

1.     This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURSIDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

3.     Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4.      Plaintiff is a resident of Downington, Pennsylvania and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5.      Defendant FAS is a corporation doing business in the State of Pennsylvania, with its corporate address as 2700 Snelling Ave N., Suite 250, Roseville, MN 55113, and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

6.      Defendant Velocity is a corporation doing business in the State of Pennsylvania, with its corporate address as 1800 State Route 34, Suite 404A, Wall Township, New Jersey 07719, and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

7.      On a date better known by Defendant, Plaintiff incurred credit card debt in the amount of $1,384.80.

8.      Credit Card debt is considered a "debt" as that term is used and defined under the FDCPA.

9.      In attempt to collect said debt, Defendant FAS sent Plaintiff a dunning letter on August 5, 2016 offering three payment plans for settling his debt. Exhibit A. Two of these options included partial payments for six and twelve months respectively.

10.     Exhibit A sought to collect a purported credit card debt incurred for personal, family or household purposes and not for business purposes. The underlying debt is beyond the statute of limitations.

11.     The dunning letter clearly stated that the law limits how long a consumer be sued. However, it did not indicate or inform Plaintiff that a partial payment on the debt would restart the running of the statute of limitations.

12.     Additionally, the dunning letter falsely indicated that because the debt is beyond the statute of limitations, Velocity Investments LLC, the current creditor, will *choose* not to sue Plaintiff for the debt. In fact, Velocity Investments LLC *could not* sue Plaintiff for the debt. Furthering this confusion is the fact that the least sophisticated consumer reads this language and believes that although Velocity Investments LLC has chosen not to sue Plaintiff, FAS may still choose to sue him.

13.     Notwithstanding the above, the dunning letter contains the language: "The total amount due may change due to interest being added to your account." Upon information and belief, once the underlying debt is charged off, FAS no longer pursues interest. Accordingly, by threatening that non-payment of the debt may cause the balance to increase, Defendant has made a false threat.

14.     Accordingly, Defendant's letter is false, deceptive, and misleading in violation of the FDCPA.

15.     Defendant FAS sent Exhibit A to Plaintiff to collect on behalf of the current creditor Velocity.  FAS and Velocity maintain an agent-principle relationship as is evident from the information provided within the letter.  Velocity is a debt collector. Accordingly, Velocity is vicariously liable for FAS's FDCPA violations.

## CLASS ACTION ALLEGATIONS

## The Class

16.   Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

17.   Plaintiff seeks certification of the following classes, initially defined as follows:

**Class: All consumers with a Pennsylvania address that have received collection letters from Defendant concerning debts used primarily for personal, household, or family purposes within one year prior to the filing of this complaint that a) fails to provide a partial payment disclosure, b) fails to disclose that the consumer cannot be sued on the debt, or c) falsely threatens the accrual of interest.**

18.   Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

## Numerosity

19.   Upon information and belief, Defendant has filed numerous letters in an attempt to collect a debt to hundreds of consumers throughout the State of Pennsylvania, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

20.   The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

21.   The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

## Common Questions of Law and Fact

22.   There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii)

4

whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

23.     The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

24.     Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

25.     Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

26.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

27.     The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

28.     Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

29.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the said messages violate 15 U.S.C. § 1692e(11) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

30.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

31.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

32.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

33.     Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages,

thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

34.     Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692 *et seq***

35.     Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

36.     Defendant's collection letter fails to properly inform consumers that their debt was past the statute of limitations and taking advantage of a partial payment option would restart the running of the statute.   Accordingly, Defendant has violated the following provisions of the FDCPA:

37.     Section 1692e provides:

> **§ 1692e. False or misleading representations**
>
> > **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
> >
> > **(2) The false representation of—**
> >
> > > **(A) The character, amount or legal status of any debt**

7

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer...**

38.     Defendant's collection letter is confusing and misleading regarding the reasonable interpretation of the balance owed.

39.     Section 1692f provides:

**§ 1692f. Unfair Practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

**COUNT II**
**VICARIOUS LIABILTY OF DEFENDANT VELOCITY**

40.     Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

41.     Defendant Velocity is a debt collector as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

42.     Under traditional agency principles, vicarious liability does not require specific acts of control, but rather allows for principals to be held liable for the acts of their agents when the agents are acting in the scope of their authority

43.     FAS violated the FDCPA while acting as an agent on behalf of Velocity and acting within the scope of its authority.

44.     It is a reasonable inference that one debt collector undertaking debt collection activities on behalf of another is acting within the scope of its authority

8

45.     Upon information and belief, Velocity enlisted FAS to engage in unlawful debt collection activities on its behalf in an attempt to shield itself from liability.

46.     As such, Velocity is vicariously liable for the acts of its agent FAS in violating the FDCPA.

WHEREFORE, Plaintiff, Samuel Williams, respectfully requests that this Court do the following for the benefit of Plaintiff:

a.      Enter an Order declaring Defendant's actions, as described above, in violation of the FDCPA;

b.      Enter an Order for Injunctive Relief preventing Defendant from using said collection letters to collect debts from consumer debtors;

c.      Appoint Plaintiff as the Class Representative, and appoint Plaintiff's Counsel as Lead Counsel for the Class;

d.      Enter a judgment against Defendants for statutory damages, pursuant to 15 U.S.C. § 1692k;

e.      Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k; and

f.      Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

47.     Plaintiff demands a jury trial on all issues so triable.

Dated this 11th of July, 2017.

Respectfully Submitted,

/s/ Alexander R. Ferrante, Esq.
Alexander R. Ferrante, Esq.
Gold & Ferrante, P.C.
261 Old York Road
Suite 526
Jenkintown, PA 19046
Tel: (215)- 872-5127
aferrante1@verizon.net




Dept 130764
PO Box 1269
Oaks, PA 19456

Frontline Asset Strategies
2100 Snelling Ave N
Ste 250
Roseville, MN 55113

Date: 08/05/2016

Current Creditor to whom the debt is owed: VELOCITY INVESTMENTS, LLC
Original Creditor: TD RETAIL CARD SERVICES
Original Creditor#: xxxxxxxxxxx0655
Charge-off Date: 05/10/2010
FAST #: 104924222
Total Amount Due: $1,384.80

Dear SAMUEL WILLIAMS:

Your delinquent account has been turned over to Frontline Asset Strategies, LLC for collection. As of the date of this letter, you owe $1,384.80. Good news, your current creditor has authorized us to provide the following payment options in order to resolve your debt:

Option 1        Resolve this debt with a one-time payment of $415.44
Option 2        Resolve this debt with six consecutive monthly payments of $92.32
Option 3        Resolve this debt with twelve consecutive monthly payments of $51.93

We request payment on any option to be in our office by 01/04/2016. Contact us at 877-258-1590 to speak to an account representative about these options. We here at Frontline Asset Strategies are here to assist you in resolving this outstanding debt and moving forward. We strive to work with you, not against you.

The law limits how long you can be sued on a debt. Because of the age of your debt, VELOCITY INVESTMENTS, LLC will not sue you for it, and VELOCITY INVESTMENTS, LLC will not report it to any credit reporting agency.

Your rights under federal law to request verification of your obligation to your current creditor within 30 days is not affected by the above referenced payment options. Calls to or from this company may be monitored or recorded. The total amount due may change due to interest being added to your account.

Sincerely,
Ben Traut
877-258-1590
Frontline Asset Strategies, LLC

**IMPORTANT NOTICE**
This communication is from a debt collector and it is an attempt to collect a debt. Any information obtained will be used for that purpose.

Please see the reverse side or next page for important consumer notices.
Frontline Asset Strategies, LLC • 2700 Snelling Ave N • Ste 250 • Roseville, MN 55113
Toll Free: 877-258-1590 Fax: 6516212379
Hours of Operation: Monday-Friday 7AM-9PM CST • Saturday 8AM-12PM CST