UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL WILLIAMS, pleading on his own behalf and on behalf of all other similarly situated consumers,<br><br>Plaintiff,<br><br>vs.<br><br>FRONTLINE ASSET STRATEGIES; VELOCITY INVESTMENTS, LLC.<br><br>Defendants. | Case No.: 2:17-cv-03119-JD |

**JOINT MOTION FOR AN ORDER FOR CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

**PLEASE TAKE NOTICE THAT** Samuel Williams ("Plaintiff"), Frontline Asset Strategies ("FAS") and Velocity Investments, LLC ("Velocity"), by and through their undersigned counsel, jointly move this Honorable Court, on a date and time to be determined by the Court for an Order certifying this case to proceed as a class action and granting preliminary approval of the Parties' class settlement agreement. Specifically, the Parties will jointly move this Court pursuant to Fed. R. Civ. P. 23, for an Order certifying this case to proceed as a class action, and granting preliminary approval of the settlement, on behalf of the following class:

All consumers with a Pennsylvania address that have received collection letters sent by FAS on behalf of Velocity concerning debts incurred for primarily personal, household, or family purposes during a period beginning one year prior to the filing of this complaint that a) fails to provide a partial payment disclosure, b) fails to disclose that the consumer cannot be sued on the debt, and c) falsely threatens the accrual of interest.

In support of this motion, the Parties respectfully state the following:

1. Plaintiff filed this class action lawsuit pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.* ("FDCPA"), which alleges Defendants violated the

FDCPA by sending consumers written collection communications which offered settlements of debts without disclosing the debt was beyond the statute of limitations and thereby implying that the debt was legally enforceable.

2. All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.

3. Defendants have acknowledged that there are approximately 325 persons who meet the class definition, which is set forth above and alleged in Plaintiff's Complaint.

4. There are questions of law and fact common to the Settlement Class, which common issues predominate over any issues affecting only individual class members. The factual issue common to Plaintiff and the Settlement Class is that FAS sent each of them a <u>standardized</u>, computer-generated, initial collection letter in an attempt to collect a debt beyond the statute of limitations, which *uniformly* offered partial payment settlement terms and failed to disclose to the consumer that the debt was beyond the statute of limitations. In addition, the letter falsely threatened that the balance of the debt may increase due to interest when interest was not being added to the accounts of any of the Class Members. The common legal issues are whether FAS's foregoing collection letter violates the FDCPA.

5. There are no individual issues other than identifying the individual class members, which is a ministerial task FAS has already accomplished through a review of its business records.

6. Plaintiff's claims are typical of those of the class members. All are based on the same alleged facts (i.e., a standardized letter) and the same legal theories (FDCPA violations).

7. The Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under various consumer protection statutes such as the FDCPA, class actions, and other complex litigation.

Moreover, neither Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue this action.

8. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class action is a superior method for the fair and efficient adjudication of this controversy in that:

(a) Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute. 15 U.S.C. §§ 1692k(a)(2)(B) and 1692k(b)(2).

(b) Most class members are unaware of their rights and have no knowledge that their rights are allegedly being violated by the collection letter from Defendant.

(c) The interest of class members to individually control the litigation is small because the maximum statutory damages in an individual action are limited to a maximum recovery of *up to* $1,000.00.

(d) Management of this class action is likely to present significantly fewer difficulties than those presented in many class claims, *e.g.*, securities fraud.

9. Accordingly, the Parties jointly request certification of a class action and preliminary approval of the their class settlement agreement pursuant to Rule 23(b)(3). The grounds supporting class certification and preliminary approval are further explained and supported by the accompanying Memorandum of Law, the Declarations of Daniel Zemel and Elizabeth Apostola, the documents and pleadings on file with the Court, and any oral argument that the Court may entertain by counsel for the Parties with respect to this motion.

Dated: October 9, 2018.

Respectfully Submitted,

*/s/ Daniel Zemel*
Daniel Zemel, Esq.
Elizabeth Apostola, Esq.
**Zemel Law LLC**
1373 Broad Street, Suite 203-C
Clifton, New Jersey 07013
Tel: (862) 227-3106
dz@zemellawllc.com
ea@zemellawllc.com
*Attorneys for Plaintiff*

*/s/ Peter G. Siachos*
Peter G. Siachos, Esq.
**Gordon & Rees**
18 Columbia Turnpike, Suite 200
Florham Park, New Jersey 07932
Tel: (973) 549-2500
psiachos@grsm.com
*Counsel for Defendants Frontline Asset Strategies
and Velocity Investments LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of May 2019 a true and correct copy of the foregoing document was sent to all counsel of record via the Court's ECF system.

/s/ Daniel Zemel
Daniel Zemel, Esq.